UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LARRY JACKSON

       Petitioner                              Case No. 07-CV-13499
                                                            HON. BERNARD A. FRIEDMAN

vs.

LLOYD RAPELJE,

       Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

       This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation ("R and R") dated April 13, 2011.  Petitioner filed a timely objection.

       The Court has reviewed this matter de novo as required under FED. R. CIV. P. 72(b), believes that the Magistrate Judge has reached the correct conclusions for the proper reasons, and will accept and adopt the Magistrate Judge's R & R.

       As a result of its de novo review, the Court finds that the Magistrate Judge's recitation of the facts in this matter is accurate.  Accordingly, the Court will adopt the Magistrate Judge's factual record, contained in the R&R at pages six through eleven.

       Petitioner filed the instant application for a writ of habeas corpus on June 27, 2007, while a previous motion for relief from judgment was pending.  Petitioner's application was held in abeyance pending the completion of his state court proceedings.  On December 11, 2009, Petitioner filed an amended application, and the Court entered an order reopening the case on

January 6, 2010.

Petitioner raised the following claims as grounds for the writ of habeas corpus: 1) the Prosecution failed to produce legally sufficient evidence; 2) the trial court reversibly erred in ruling that the police and prosecution used due diligence in seeking to locate and produce certain witnesses; 3) ineffective assistance of trial counsel; 4) ineffective assistance of appellate counsel; 5) Petitioner's actual innocence requires the granting of a new trial; 6) abuse of discretion by the trial judge; 7) prosecutorial misconduct requires the granting of a new trial; and 8) the cumulative effect of the above errors requires the granting of a new trial.

## II.  Analysis

### A.  Procedural Default

As an initial matter, Respondent contends that several of Petitioner's claims are barred by Petitioner's procedural default in the state court, because Petitioner failed to raise these claims on direct appeal.  As the R and R suggests, the Court disagrees with this argument, and finds that pursuant to *Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010), form orders used by the Michigan Courts are ambiguous as to whether a procedural default is being invoked, and the Court will not infer such a default.

### B.  Weight and Sufficiency of the Evidence and Innocence (Claims I, V, and VI)

Petitioner contends that the prosecution presented insufficient evidence to prove his guilt beyond a reasonable doubt, and that he is entitled to a new trial because he is actually innocent or because his conviction was against the weight of the evidence.  As suggested in the R and R, the Court concludes that Petitioner is not entitled to habeas relief on these claims.

Regarding Petitioner's weight of the evidence argument, where the evidence is sufficient

as a matter of due process, a claim that the verdict was against the weight of the evidence presents a state law claim that is not cognizable on habeas review.  "A federal habeas court has no power to grant habeas relief because it finds that the state conviction is against the 'weight of the evidence.'" Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985).

As to Petitioner's sufficiency of the evidence claim, as the Michigan Court of Appeals has already ruled, sufficient evidence was presented to support the jury's finding that Petitioner killed the decedent.  A federal court must apply a deferential standard of review of the state court decision.  Thus, the question is whether the Michigan Court of Appeals' decision was reasonable.  Gomez v. Acevedo, 106 F.3d 192, 198-200 (7th Cir. 1997).  Here, both the eyewitness testimony implicating Petitioner and the firearms expert's testimony support the jury's finding.  Accordingly, the Court of Appeals' ruling was reasonable, and habeas relief is not appropriate on these grounds.

Petitioner's fifth claim is that he is entitled to a new trial based on his innocence.  Such a claim is not cognizable on habeas review.  Plaintiff's argument is based on his claimed discovery of new evidence, but is actually a reassertion of arguments previously made and presented to the jury.  Regardless, the existence of new evidence is not a basis for granting a writ of habeas corpus.  As the Supreme Court has explained, "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993).  Further, the Supreme Court has explained that, as Petitioner attempts here, a petitioner cannot establish his actual innocence simply by rehashing his innocence claims rased in the state courts and relying on the evidence adduced at trial.

Milton v. Wainwright, 407 U.S. 371, 377 (1972). Petitioner's arguments do not provide a basis for habeas relief.

### C. Due Diligence (Claim II)

Petitioner further argues that the prosecutor failed to exercise due diligence in attempting to produce two endorsed witnesses, and therefore the trial court erred in denying Petitioner's request for a missing witness instruction. Petitioner's claim that the trial court erred in failing to give a missing witness instruction is not cognizable on habeas review. While at the time of trial, Michigan law required a prosecutor to list all *res gestae* witnesses, or those witnesses whose eyewitness testimony will aid in full disclosure of all relevant facts, the law does not require the prosecutor to call all listed witnesses. MCL §§ 767.40. In addition, any failure of the prosecutor with respect to a *res gestae* witness raises only an issue of state law, which does not provide a basis for habeas relief.

### D. Prosecutorial Misconduct (Claim VII)

Petitioner next contends that he was denied a fair trial because of several instances of claimed prosecutorial misconduct. For habeas relief to be warranted on the basis of prosecutorial misconduct, it is not enough that the prosecutor's conduct was "undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986). Rather, the misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. Petitioner has failed to allege any misconduct that rises to this heightened standard, and as recommended, habeas relief on this ground will not be granted.

### E. Ineffective Assistance of Counsel (Claims III and IV)

Petitioner next claims that his trial and appellate counsel were ineffective in a number of

ways.  As the R and R explains, the Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  *Strickland* establishes a high burden that is difficult to meet, and is made more difficult when the deference required by § 2254(d)(1) is applied to review a state court's application of *Strickland*.  Harrington v. Richter, 131 S.Ct. 770, 788 (2011).

As detailed, thoroughly, in the R and R, Petitioner has failed to meet this burden.  The trial court fully analyzed Plaintiff's *Strickland* arguments, and the Court will not overrule them in this habeas petition.

Regarding Petitioner's argument that his appellate counsel was ineffective for failing to raise on direct appeal the claims that Petitioner raised in his motion for relief from judgment, to succeed on this claim, Petitioner is required to show that his claims would have succeeded on appeal.  Smith v. Robbins, 528 U.S. 259, 285-86 (2000).  As detailed in the R and R and in this Order, Petitioner's claims are without merit, and thus Petitioner cannot show that counsel was ineffective for failing to raise them on direct appeal.  Petitioner is not entitled to habeas relief on this claim.

## III.     Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Courts have determined that "substantial showing" requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questiosn are adequate to deserve encouragement to proceed further."  Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 199).

For the reasons stated above, and for the reasons stated in the adopted R and R, the Court does not find that Petitioner has made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability.

**IV.     Order**

Accordingly,

IT IS ORDERED that Magistrate Judge Paul J. Komives' Report and Recommendation dated April 13, 2011, is hereby accepted and adopted.

IT IS FURTHER ORDERED that Petitioner's application for writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability will not be issued in this matter.


Dated: May 9, 2011                          s/Bernard A. Friedman_____
          Detroit, Michigan                 BERNARD A. FRIEDMAN
                                            UNITED STATES DISTRICT JUDGE


Dated:  May 9, 2011

I hereby certify that a copy of the foregoing document was served upon Larry Jackson and counsel of record on May 9, 2011, by electronic and/or ordinary mail.

                                            s/Carol Mullins_____
                                            Case Manager